**Linda Davis CAREW and Aubrey Carew**

v.

**Nabil Y. KHOURY, M.D.**

No. 95–24–A.

Supreme Court of Rhode Island.

Jan. 9, 1996.

James Currier, Kristen Prull, Providence.

Dennis McCarten, Providence.

### ORDER

This case came before a panel of the Supreme Court for oral argument on December 19, 1995, pursuant to an order that directed the plaintiffs, Linda Davis Carew and Aubrey Carew, to show cause why their appeal should not be summarily denied and dismissed. The plaintiffs have appealed from a Superior Court judgment granting the motion for a directed verdict made by the defendant, Nabil Y. Khoury, M.D.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

On the morning of February 25, 1986, Linda Davis Carew (Carew), who was five and one half months pregnant, noticed some slight spotting and phoned her obstetrician's office. She spoke to defendant, who instructed her to remain at home and rest. When her symptoms worsened, Carew phoned defendant again, and he again instructed her to stay at home and rest. That evening when her symptoms had further intensified, Carew went to the hospital, where she delivered infant twin girls, who died approximately three hours after their birth.

The plaintiffs filed a medical malpractice action against defendant, alleging negligence and seeking damages for the wrongful death of the twins. They argued that had defendant admitted Carew to the hospital earlier, she could have been given the drug Ritodrine, effective in prolonging labor and thereby possibly increasing the infants' chance of survival.

The trial justice granted defendant's motion in limine to exclude the testimony of plaintiff's expert witness, Louis Hochheiser, M.D. (Hochheiser) as well as two medical journal articles. At the close of plaintiffs' case, the trial justice granted defendant's motion for a directed verdict, and plaintiffs filed a timely notice of appeal.

On appeal, plaintiffs contended that the trial justice erred in excluding Hochheiser's testimony and the journal articles. It is well settled that the determination of whether a witness is qualified to testify as an expert is within the discretion of the trial justice. This Court will not disturb such a determination absent an abuse of discretion. *Richardson v. Fuchs*, 523 A.2d 445, 447 (R.I.1987). In the instant case, the trial justice concluded that Hochheiser, as a family practitioner, who had not practiced obstetrics nor delivered any babies since his internship in the early 1960's, was not qualified to render an opinion concerning the standard of care to be exercised by an obstetrician, nor would his testimony have established to a reasonable degree of medical certainty that the infants would have enjoyed an increased chance of survival had Carew's labor been prolonged. In light of the evidence demonstrating Hochheiser's lack of knowledge of the standard of care in obstetrics and his inability to establish a causal nexus, we cannot say that the trial justice abused his discretion in excluding this testimony.

We further conclude that the trial justice did not err in ruling that the medical journal articles were inadmissible. Pursuant to the provisions of Rule 803 of the Rhode Island Rules of Evidence, learned treatises are admissible only to "the extent called to the attention of an expert witness upon cross-examination or relied upon by the witness in direct examination." Because plaintiffs presented no expert testimony that defendant deviated from the standard of care, the trial justice properly excluded the journal articles. *See Richardson*, 523 A.2d at 450.

The plaintiffs also contended that the trial justice improperly granted defendant's motion for a directed verdict. In reviewing a trial justice's ruling on such a motion, this Court applies the same standard as the tribunal below, viewing the evidence in the light most favorable to the party against whom the motion is made, without considering the weight of the evidence or the credibility of the witnesses, and drawing therefrom only those reasonable inferences that support the position of the opposing party. *Rodrigues v. Miriam Hospital*, 623 A.2d, 456, 460 (R.I. 1993); *Richardson*, 523 A.2d at 449. After so reviewing the evidence in the case before us, this Court concludes that the plaintiffs have failed to meet their burden of proving the standard of care and breach therefrom.

Consequently, we deny and dismiss the appeal, and affirm the judgment of the Superior Court.

MURRAY, J., did not participate.